# Pennock, to use of Blair, *versus* Stewart.

# In re Petition of Samuel M. Stewart.

1. Where a mortgage is due, and there is a dispute as to the amount due, the mortgagor may, as a matter of right, under the Act of April 3d 1851 (P. L. 871, section 14), upon petition to the court of the county where the mortgaged premises are situate, pay into court the principal and interest claimed by the mortgagee to be due, together with commissions and costs, etc., and the court shall thereupon order the mortgage to be satisfied of record.

2. The pendency of a scire facias, issued on the mortgage by the mortgagee under the Act of 1705, does not deprive the mortgagor of the above stated right, provided the sci. fa. has not been prosecuted to final judgment before presenting the petition and payment of the money into court.

3. The amount to be paid into court, in such proceeding under the Act of 1851, must include all interest and costs, etc., accrued up to the date of actual payment into court.

[Pennock *v.* Stewart.]

4. Upon such payment proceedings upon the pending scire facias will be stayed, and the court will proceed to determine, as provided by the Act of 1851, any dispute between the parties as to the true amount due on the mortgage.

October 4th 1883. Before MERCUR, C. J., GORDON, TRUN-KEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Westmoreland county :* Of October and November Term 1883, No. 104.

This was, in the court below, a petition by Samuel M. Stewart praying leave to pay into court the amount " admitted to be due" on a certain mortgage, given by him, with interest, etc., the mortgage to be thereupon marked satisfied by order of court. The court subsequently permitted an amendment, whereby the petitioner prayed leave to pay into court the amount " claimed to be due" on said mortgage, so as to bring the proceeding within the Act of April 3d 1851 (P. L. 871), which provides as follows :

" Section 14. The mortgagors in any mortgage or the assignees (assignors) in any deed of assignment in trust for the benefit of creditors, shall have the right, upon application to the court of Common Pleas of the county where the land mortgaged or assigned is situated, by bill or petition setting forth the facts, to pay into court the amount of money claimed by the said mortgagee or trustee under the mortgage or assignment, stating, if any, the objections to the claim of such mortgagee or assignee ; and the court, upon payment of the said amount claimed into court, shall order and decree that satisfaction shall be entered upon said mortgage, or that the assignee or assignees shall reconvey the assigned property, and the court shall proceed to hear and determine the objections to the payment of any part of the money in court as (to) right and justice shall belong, and shall decree accordingly :" Purd. Dig. 481, pl. 118.

The facts of the case were as follows : On January 4th 1883, a scire facias sur mortgage was issued in the Common Pleas of Westmoreland county, by Isaac M. Pennock, for the use of John Blair, against Samuel M. Stewart, upon a certain mortgage, dated June 6th 1877, delivered June 19th 1877, duly recorded, given by defendant to the legal plaintiff, and by him assigned on June 19th 1877, to the equitable plaintiff, to secure the payment of $5,500, within two years from the date thereof with interest payable semi-annually. It appeared that at the time of said assignment of the mortgage Stewart had executed and delivered a certificate of no defence. This sci. fa. was returned served January 12th 1883.

On January 6th 1883, two days after the issuing of said sci.

[Pennock *v.* Stewart.]

,fa., the said Samuel M. Stewart, the mortgagor, presented his petition to the court of Common Pleas of Westmoreland county (in which county the mortgaged premises were situate), setting forth that the sum of $5,500, which the mortgage was given to secure, included a large amount of usury, and also a bonus which had been retained by the mortgagee, and that the true amount due on the date of filing the petition, for principal and interest, etc., was $5.703.37 ; which amount the petitioner had on said date tendered to the assignee of the mortgage, who had refused the tender, and thereby prevented the consummation of a pending agreement for the sale of the mortgaged premises.

The petitioner prayed for a rule on said Blair, the assignee of the mortgage, to show cause why said sum of $5,703.37 should not be paid to him or paid into court, and thereupon the mortgage be marked satisfied of record by order of court.

The court granted a rule to show cause as prayed for, and directed proceedings on the sci. fa. to be stayed pending the disposition of said rule.

John Blair, the assignee of the mortgage, filed an answer to the rule, denying knowledge of the alleged usury, etc., averring that he purchased said mortgage from I. M. Pennock, the mortgagee, for the full sum of $5,170, in cash, applying enough to satisfy existing liens entered of record against the mortgagor, and paying the balance to Pennock ; and that he took the mortgage on the faith of a certificate of no defence executed by the mortgagor.

The respondent also filed the following exceptions to the petition and rule granted thereon : (1.) The equity powers of the court cannot be invoked to prevent the respondent from proceeding in a legal way to collect his debt, when that legal way, to wit, by scire facias sur mortgage, gives the petitioner the opportunity of making any defence he has to the whole or any part of the respondent's claim. (2.) The petition in this case is not based on any law now in force in this state.

Thereupon, on motion of petitioner for leave to amend the prayer of his petition, the court filed the following order, February 15th 1883 :

"It is now asked that the petition and order of court be so amended that upon the amount claimed to be due being paid into court the mortgage be marked satisfied, under the Act of April 3d 1851. This, perhaps, would have been the proper petition and order at first, clearly so if a sci. fa. had not issued. The petitioner, however, asked leave to pay into court the amount admitted to be due, and have the mortgage satisfied. This could not be done under the Act. It might be proper as a tender in defence on the sci. fa.

[Pennock v. Stewart.]

"We are inclined, however, to allow the petitioner to pay into court the amount claimed to be due, together with all costs which have accrued on the sci. fa., and then have the mortgage marked satisfied, otherwise the case must proceed on the sci. fa.

"And now, February 15th 1883, the matter is referred to Mr. McConnell to report the amount claimed to be due on the mortgage, together with the costs which have accrued on the sci. fa."

Said Blair, thereupon, on March 3d 1883, filed a formal motion to dismiss the proceedings on the petition, and to allow plaintiff to proceed on his sci. fa. sur mortgage. March 5th 1883, ordered on argument list.

On March 4th 1883, the commissioner filed his report, setting forth that the entire amount of debt and interest claimed by the plaintiff to that date, together with attorney's commission, prothonotary's percentage, and costs "accrued at this date," was the sum of $7,171.32.

The case was argued on the above motion and on the report of the commissioner, April 10th 1883, and on April 28th 1883, the court (HUNTER, P. J.), filed the following opinion and decree:

"This is an application under the Act of April 3d 1851, to pay money into court and have mortgage decreed satisfied. The application originally was to pay into court the amount admitted to be due. This was refused and the commissioner directed to report what sum was claimed to be due. This he has done and finds the sum to be $7,171.32."

"It is contended that after sci. fa. the application comes too late. The sci. fa. issued January 4th 1883. The application came two days thereafter. The Act is silent as to when application may be made, only that the mortgage be due. I know of no case where the application was made after sci. fa. except the case of Assurance Company v. Power, 12 Phila. Rep. 377, where the application was refused on another ground; the court simply say there, remarking on the point raised here, that they did not think it necessary to decide whether such petition was in time after the proceedings had progressed so far on the sci. fa. in that case.

"The only hesitancy the court has had here is that there seems to be such questions of fact as may possibly require an issue—questions that could have been well settled on the trial of the scire facias—yet I think this application is a matter of right under the Act.

"And now, April 28th 1883, leave given the defendant to pay into court the amount claimed to be due as found by the commissioner, to wit, the sum of $7,171.32, and upon the pay-

[Pennock *v.* Stewart.]

ment of said sum into court, it is ordered and decreed that sat-
isfaction be entered upon said mortgage by the recorder of
deeds."

The plaintiff, having excepted to said opinion and decree,
took this writ of error, and filed the following as his specifica-
tions of error :—

"The court erred in making the final decree as it did, and
in the opinion filed therewith, for the following reasons :

"First. That the application of the mortgagor, the defen-
dant, was not a matter of right, under the Act of April 3rd
1851.

"Second. That a writ of scire facias sur mortgage having
been issued and in the hands of the sheriff before the appli-
cation of defendant was made, he could not avail himself of
the provisions of said Act.

"Third. In not fixing any time for the payment of the
money into court, and in not requiring the defendant to pay
interest on the principal sum from the 4th of March 1883, to
the date of actual payment into court."

*Latta* (with him *Gill*), for the plaintiff in error.—The Act
of 1705 affords a plain remedy for the collection of a mort-
gage, which secures every right of defence to the mortgagor.
After the mortgagee has brought suit under that Act he has a
legal right to proceed therein to trial by jury, and jurisdiction
cannot be taken away against his consent, by a summary pro-
ceeding by petition to the court. The Act of 1851 neither re-
peals the Act of 1705, nor affects the remedy thereunder. It
may have been intended to afford relief to a mortgagor where
the mortgagee refused to proceed to collect his money after it
became due, or after tender ; or merely to reach cases of insol-
vents who have mortgaged or assigned their real estate for the
benefit of creditors. Under the construction of the court be-
low, the effect would be to change and impair the contract of
security evidenced by the mortgage.

[TRUNKEY, J. Has the money been paid into court, in pur-
suance of the final order of April 28th 1883 ?]

No.

[TRUNKEY, J. As the commissioner found the whole sum
you claim, what objection have you to the money being paid
into court ?]

Because, as the defendants intend to invoke the further
provision of the Act of 1851, that the court shall proceed to try
the objections to payment, we may have trouble in getting it
out of court.

[GORDON, J. Under the Act the first step is to pay into
court the whole amount claimed to be due on the mortgage.

[Pennock *v.* Stewart.]

Unless that is done the court has no jurisdiction to proceed to determine any question of defence.]

Even if the Act of 1851 were applicable to this case, it could not have the effect, as given to it by the court below, of stopping the running of interest on the debt on March 4th 1883, when the commissioner filed his report, fifty-five days before the final order was made, and allow the defendant an indefinite time for paying the money into court. And if paid into court, the defendant should not be permitted thereby to stop the running of interest and compel the plaintiff to litigate with an insolvent debtor without security for accruing costs. The mortgagor has violated no duty, has committed no laches, and he cannot be thus summarily deprived of a right vested in him by the common law and the Act of 1705. A statute giving a new remedy or creating a new jurisdiction, affecting the rights of others, should be strictly construed : East Union Twp. *v.* Ryan, 86 Pa. St. 459.

*Head* (*Moorhead* with him), for the defendant in error.— The case comes directly within the words of the Act of 1851. The mortgage being due the mortgagor asked and obtained leave to pay into court the whole amount claimed to be due, with interest, etc. It is not claimed that the Act is unconstitutional, or that it has been repealed, but it is said that a sci. fa. having issued on the mortgage, the petition was too late. But no such exception can be read into the Act of 1851. There is no reason why, if the mortgagor can invoke the Act of 1851, prior to the issuing of a sci. fa. under the Act of 1705, and thereby deprive the mortgagee of adopting that remedy, he cannot afterwards do the same, any time prior to final judgment on the sci. fa. The Act of 1851 affects the mortgagee's remedy, not his right. But if the two Acts were necessarily repugnant, the earlier Act must give way. The mortgage was dated long after the passage of the Act of 1851, and the mortgagee took with notice of the existing law, and he or his assignee cannot deprive the mortgagor of his rights thereunder. The plaintiff in error, by taking his writ of error is himself responsible for the money not having been actually paid into the court below.

Mr. Justice STERRETT delivered the opinion of the court, October 22d 1883.

The Act of April 3d 1851, under which the petition in this case was presented, provides that the mortgagors in any mortgage, or the assignors in any deed of assignment in trust for the benefit of creditors, shall have the right, upon application to the court of Common Pleas of the county where the land mort-

[Pennock *v.* Stewart.]

gaged or assigned is situated, by bill or petition setting forth the facts, to pay into court the amount of money claimed by said mortgagee or trustee, stating the objections, if any, to the claim of such mortgagee or assignee; and the court upon the payment of said amount claimed into court, shall order and decree that satisfaction shall be entered upon such mortgage, or that the assignee or assignees shall reconvey the assigned property, and the court shall proceed to hear and determine the objections to the payment of any part of the money in court, as to right and justice shall belong and decree accordingly: Purd. 481, pl. 118.

In cases of dispute between mortgagor and mortgagee as to the amount actually due on the mortgage, the purpose of the Act is to enable the former to bring into court the full amount claimed by the latter, including debt, interest, commissions, costs, &c. to the day of payment, and thus substitute the money in court for the security which the mortgagor desires to have satisfied. The application in cases coming fairly within the terms of the Act, is a matter of right, and upon payment into court of the full amount claimed it is the duty of the court to order satisfaction of the mortgage. The mortgagee, may then, by leave of court, take out so much of the money as is not in dispute, and the residue, if not invested by order of court or taken out by one of the parties on giving approved security for its payment when required, remains in court to abide its final order in the premises. Strictly the amount claimed should, on leave granted, be paid into court before the order of satisfaction is made, but when payment of the money into court is made a condition precedent to the operation of the order or decree of satisfaction, it practically amounts to the same thing; but, in all such cases, a reasonable time within which the mortgagor may pay the money into court should be specified in the order, and as a general rule proceedings on the scire facias sur mortgage should not be stayed until the amount claimed is actually paid into court. Until then the mortgage security, with all its incidents, belongs to the mortgagee, and he has a right, save in exceptional cases, to proceed thereon until the mortgagor has placed himself in a position to demand that satisfaction be entered on the security. This he can do only by paying into court the full amount claimed, and thus substituting the money for the mortgage security.

The allegations of fact upon which the application in this case is based, are fully set forth in the petition, and they clearly bring the case within the provisions of the Act. As amended by leave of court, the substance of the petition is, inter alia, that a dispute exists between petitioner and the assignee of the mortgage as to the amount actually due thereon; that petitioner

[Pennock *v.* Stewart.]

having contracted to sell and convey the farm encumbered by the mortgage, tendered the assignee and owner thereof the amount legally due thereon, but he refused to accept the same, and demanded a much larger sum, and thereby prevented, for the time being at least, the consummation of the sale, &c., to the great injury of petitioner. The prayer, as amended, is that petitioner have leave to pay into court the amount claimed by the assignee of the mortgage, and that, upon payment into court of that amount, the court will order and decree that satisfaction be entered on the mortgage, &c., in accordance with the terms of the Act. For the purpose of ascertaining the amount of money claimed by the mortgagee, a commissioner was appointed who reported to the court that the amount, including interest to March 4th 1883, attorney's commissions, prothonotary's percentage, and costs on the sci. fa. sur mortgage to same date, was $7,171.32. It is not denied that this is the correct amount claimed at that date, but the decree complained of was not made until nearly two months thereafter. In the meantime, additional interest had accrued on the mortgagee's claim, together with additional attorney's commissions and prothonotary's percentage, &c. The amount specified in the decree should have included all these up to the day the money is actually paid into court. As already stated, the Act contemplates the payment into court of the full amount claimed by the mortgagee, with interest and all costs to the date of payment. Nothing less will satisfy the requirements of the Act. In that respect the decree is erroneous, and must be reversed or modified.

A brief application of these principles to the matters complained of in the several assignments of error will suffice.

The first specification, "That the application of the mortgagor was not a matter of right under the Act of April 3d 1851," is not sustained. It is apparent from what has been said that the Act was intended for just such cases as that presented in the petition, and the application when put in proper form, as it was by the amendment, was clearly a matter of right.

The second specification is without merit. The fact that the scire facias was issued, and in the hands of the sheriff before the petition was presented, did not preclude the mortgagor from availing himself of the provisions of the Act. He had a right to do so at any time before judgment in the scire facias. After that it would be too late. The judgment would necessarily be a final adjudication of the mortgagee's claim, which could not be questioned in any collateral proceeding.

The last specification of error is sustained. In the order of court a reasonable time should have been fixed within which the money should be paid into court; and there was error in

not requiring the mortgagor to pay, in addition to the amount specified in the order, interest on the principal sum from March 4th 1883, until the money was actually paid into court, together with attorney's commissions and prothonotary's percentage thereon. If this had been done, the decree would have been substantially correct.

The order staying proceedings on the scire facias has not been assigned for error, and it is therefore unnecessary to add anything to what has already been said on that subject.

The decree is reversed at the costs of the mortgagor, Samuel M. Stewart; and leave is now granted him to pay into the court below, within twenty days from this date, the amount claimed by the assignee of the mortgage, to wit, seven thousand one hundred and seventy-one dollars and thirty-two cents ($7,171.32), together with additional interest on the principal debt from March 4th 1883, until the whole amount is paid into court, and also attorney's commissions of five per cent. and prothonotary's percentage on said additional interest; and, upon payment into court, within the time specified, of the whole amount claimed by the assignee of the mortgage, it is ordered and decreed that satisfaction be entered on the mortgage; and it is further ordered that the record, with a certified copy of this opinion, be remitted to the court below, with instructions to carry into effect the foregoing decree, and proceed with the case according to law.