George W. Streng and Julia Streng, Appellants, *v.* The Holyoke Water Power Company.

*Mortgage—Payment into court—Right of action.*

An application for leave to pay into court the amount of a mortgage does not stay the mortgagee's right of action on the mortgage. Nothing short of actual deposit of the fund into court can so operate.

*Attachment execution does not preclude suit on mortgage.*

The existence of an attachment cannot prevent the institution of suit by scire facias, nor forefend the consequences of default in making the stipulated payments on a mortgage; nor does the alleged defective acknowledgment to an assignment of the mortgage to the holders have that effect.

*Mortgage—Attorney's commissions—Payment into court.*

Where suit is instituted by scire facias sur mortgage pending application to pay the amount thereof into court, but before the amount is actually paid in, the action of the court below in allowing upon distribution an attorney's commission of three per cent will not be disturbed.

Argued Dec. 5, 1899. Appeal, No. 133, Oct. T., 1899, by plaintiffs, from order of C. P. Schuylkill Co., Jan. T., 1899,

No. 101, in distribution of money paid into court on a mortgage. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

In the matter of distribution of money paid into court on a mortgage. Before BECHTEL, J.

It appears from the record that the plaintiffs executed and delivered to the Anthracite Coal Company a mortgage for $10,000 on certain lands in Schuylkill county, payable in three years from its date, which mortgage was duly recorded in the latter county. On October 19, 1896, the mortgagee assigned to defendant company. On August 14, 1896, an attachment execution issued out of common pleas, Luzerne county, for $375, with interest, against the Anthracite Coal Company, wherein the mortgagors were named as garnishees. This proceeding was not disposed of up to the time the mortgage referred to came due.

On November 28, 1898, the petition of George W. Streng and Julia Streng was presented to the court of common pleas of Schuylkill county, praying for leave to pay the mortgage and interest into said court under the provisions of the Act of April 3, 1851, P. L. 868, for the reason that the attachment proceeding was still pending and that the assignment of the mortgage to the Holyoke Water Power Company was not in legal form, it being alleged and shown that the acknowledgment thereto was not according to law.

The court granted a rule to show cause why the prayer of the petitioners should not be granted and subsequently the Holyoke Water Power Company demurred to the petition. No answer was filed.

On April 17, 1899, the petition was adjudged sufficient, and the court granted leave to pay into court within thirty days from that date the amount claimed by the mortgagee, to wit: $10,793.75, also attorney's commissions, if required by the mortgage, prothonotary's percentage and all taxable costs, and upon such payment being made, satisfaction of the mortgage was ordered.

The money was paid into court on May 16, 1899. There was paid $11,038.47, principal and interest to date of payment;

costs to date, $11.10; prothonotary's commission, $115.28; recorder's fee for satisfaction, thirty cents; attorney's commission on $11,038.47, $551.92.

On May 19, 1899, George W. Streng and Julia Streng moved the court for a hearing on the question of the distribution of the money in court, specially as to the attorney's commissions, the prothonotary's commissions and an item of compound interest.

After argument the court ordered that the sum of $300 be paid the mortgagees for counsel fees or commissions, and the balance of the commissions (attorney's), $251.92, paid to the prothonotary, be paid to the mortgagors, the compound interest be returned to the mortgagors, and that the prothonotary's percentage be paid him for his commissions, to which exception was taken by the mortgagors and this appeal taken by them.

*Error assigned* was to that part of the decree that the sum of $300 be paid the mortgagees for counsel fees or commissions.

*Jno. F. Whalen,* for appellants.—There was no default on the part of the mortgagors as to payment of the mortgage. They were ready to pay if the obstacles in the way of paying were removed. The evidence shows they notified the mortgagees of their intention to go into court for the reasons which were subsequently given in their petition.

On April 17, 1899, the order to pay the mortgage money into court was made, and the mortgagors had thirty days within which to pay into court. No scire facias had issued on the mortgage prior to that date. On May 15, 1899, the attorney for the assignees issued a scire facias which was not served, and on May 16 the money was paid into court. It will be seen, therefore, that the scire facias was as if it had not issued at all, for two reasons, first, that it was not served, and second, that the proceedings on the petition were a bar to the issuing of a scire facias.

Now by the terms of the mortgage commissions were not due in case of default of principal or interest, but only where the mortgagee properly issued a scire facias on the mortgage.

If the mortgagees did not properly issue a scire facias on the mortgage, their right to commissions was as incomplete as if there was no provision in the mortgage for such commissions.

It was decided by the court in Biddle v. Girard National Bank, 109 Pa. 349, that a garnishee is a disinterested stakeholder.

It was therefore the duty of the appellees to bring the litigation to an end, so as to leave the mortgagors free to pay over the mortgage money to them when it fell due.

It is submitted that if the contest as to the attachment execution above referred to was an incident in the distribution of the fund in court, and it was determined against the mortgagees, the costs of such contest would be properly imposed on them under the authority of Parker v. Rawle, 148 Pa. 208.

*George W. Ryon*, with him *James Ryon*, for appellees.—The seal of a corporation to a mortgage is prima facie evidence that the mortgage is its act: St John's Church v. Steinmetz, 18 Pa. 273.

It is not necessary that an assignment of a mortgage should be in writing (Craft v. Webster, 4 Rawle, 242), and may be assigned like any other chose in action : Horstman v. Gerker, 49 Pa. 282.

A scire facias issued upon this mortgage was pending when the money was paid into court. The appellants were nonresidents of Schuylkill county, and only George W. Streng came into the county in connection with this business while pending in court, and of course service could not be made on him, and it would require two returns of nihil before judgment could be taken.

But this is no longer a debatable question. The Supreme Court has settled it decisively and construed this statute of 1851 in cases decisively in point here.

In Pennock v. Stewart, 104 Pa. 184, the act of 1851 received careful consideration by our present learned chief justice, and we note the following as the result of the decision, to wit: The payment into court is a matter of right when a dispute exists as to the amount due. The whole amount claimed by the mortgagee must be paid in, together with interest the day of payment, and also attorney's commissions, prothonotary's

percentage and costs.   In short, as the mortgagor has the power to pursue the provisions of the act of 1851 at any time after the mortgage is due and before judgment upon scire facies, he shall, if he so elects and desires satisfaction to be entered, protect the mortgagee in the amount paid in, so that he shall not suffer deduction by reason of the mortgagor's determination to have the mortgage satisfied, before the controversy as to the amount due has been determined.

OPINION BY WILLIAM W. PORTER, J., January 17, 1900:

On November 28, 1898, a petition was presented for leave to pay into court the amount of a certain mortgage under the provisions of the Act of April 3, 1851, P. L. 860.   On April 17, 1899, an order was made giving leave to pay into court, within thirty days, the amount claimed by the holders of the mortgage, together with accrued interest, attorney's commissions, prothonotary's percentage and taxable costs.   It was further ordered that upon such payment being made, satisfaction should be entered on the mortgage.   On May 15, a scire facias was issued on the mortgage, but was not served, because, as alleged, the mortgagors were nonresident.   On May 16, 1899, the full amount was paid into court.   No appeal was taken from that order.   Subsequently, on the distribution of the fund brought into court, an award of $300 for attorney's commissions was made by the court to the holders of the mortgage.

The sole question raised is, whether the holders of the mortgage were entitled to this allowance.   It was provided by the mortgage that on default for sixty days in the payment of principal or interest, the mortgagees should have the right to enforce payment and that " if at any time thereafter by reason of any default in payment, either of said principal sum of ten thousand dollars at maturity, or of said interest, . . . . a writ of scire facias is properly issued upon this indenture of mortgage, an attorney's commission for collection, viz : five per cent, shall be payable and shall be recovered in addition to all principal and interest then due, besides costs of suit," etc.

It will be observed that the issuance of the scire facias was subsequent to the application for leave to pay into court, but preceded the actual payment.   The application made by the mortgagors did not stay the mortgagees' right of action on the mort-

gage. Nothing short of actual deposit of the fund into court could so operate. The act of assembly gives no express power to the court to prevent the mortgagees from proceeding to collect the mortgage debt, pending the mortgagors' application. Nor was an order of stay attempted to be made. In Pennock v. Stewart, 104 Pa. 184, it is said, referring to the act of 1851, that, " As a general rule, proceedings on the scire facias sur mortgage should not be stayed until the amount claimed is actually paid into court. Until then the mortgage security with all its incidents belongs to the mortgagee, and he has a right, save in exceptional cases, to proceed thereon until the mortgagor has placed himself in a position to demand that satisfaction be entered on the security. This he can do only by paying into court the full amount claimed and thus substituting the money for the mortgage security."

The right, then, of the mortgagees to an allowance for attorney's commissions in the decree of distribution depends upon whether the scire facias " properly " issued, under the terms of the mortgage. It could issue for default in payment of interest, or of principal, for sixty days. As shown by the petition originally presented by the mortgagors, the principal became due November 26, 1898. It was not paid into court until May 16, 1899. The scire facias issued May 15, 1899. The principal was at that time more than sixty days overdue. By the same petition it appears that three semi-annual payments of interest were not made.

The mortgagors, however, claim that they were not in default, that they were ready and willing to pay, but that they were prevented because of the levy of an attachment upon them as garnishees upon a judgment against the original holders of the mortgage, and because of a defective acknowledgment of the assignment of the mortgage to the present holders. The existence of an attachment did not prevent the institution of suit by scire facias, nor forefend the consequences of default for sixty days in making the stipulated payments, since the mortgagors, claiming no interest, might have invoked the equitable powers of the court to compel an interpleader. Nor did the existence of an alleged defective acknowledgment to the assignment of the mortgage to the holders. The right to sue was in the assignees of the mortgage, and on proof of ownership they

could have recovered. The mortgagors might have driven them to a suit by denying their title, but could not have successfully taken the ground that no default in payment had occurred.

The mortgagors further say, in effect, that they withheld payment of principal and interest at the request of the holders of the mortgage, and were therefore not in default. Should this be conceded, the mortgagors evidently rescinded the arrangement when they applied for leave to pay into court, in opposition to notice from the holders of the mortgage. From the time of the application to the court, the mortgagors lost any protection theretofore furnished by the assent of the holders of the mortgage to the withholding of payment.

We therefore conclude that the scire facias was properly issued, inasmuch as the mortgagors were in default under the terms of the mortgage, and as the payment into court under the act had not been actually made when the writ was issued. This conclusion affirms the legality of the allowance of the attorney's commissions. The amount has been fixed by the court below at less than the percentage allowed by the mortgage. This was within the power of the court, and we see no occasion to disturb the order made.

The judgment is affirmed.