## Dinner, Appellant, *v.* Van Dyke.

*Mortgage—Satisfaction—Payment—Tender—Equity.*

A bill in equity to compel the satisfaction of a mortgage, and to restrain proceedings thereon will be dismissed, if the pleadings and proofs leave the question of payment in substantial doubt. To sustain such a bill the evidence of payment must be clear and precise ; if it is not, the parties will be left to their remedy at law.

Argued Jan. 20, 1904. Appeal, No. 83, Jan. T., 1904, by plaintiffs, from decree of C. P. Lackawanna Co., March T., 1903, No. 3, dismissing bill in equity in case of Sarah Dinner et al. v. W. F. Van Dyke, Admr. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity to compel satisfaction and to restrain proceedings thereon.

434    DINNER, Appellant, v. VAN DYKE.

Statement of Facts—Opinion of the Court. [25 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*A. A. Vosbury*, with him *Charles W. Dawson*, for appellant. —There can be no question but that before the passage of the act of 1851, at common law, and under the act of 1715, a bill in equity was the proper proceeding to compel a mortgagee to satisfy a paid mortgage : Lanning v. Smith, 1 Parson's Select Equity Cases, 13 ; Beekman v. Frost, 18 Johns. (N. Y.) 544.

It has been held in many cases that a tender of the debt on or after the date on which it falls due, discharges the lien of the mortgage : Kortright v. Cady, 21 N. Y. 343 ; Tuthill v. Morris, 81 N. Y. 94.

It is contended, however, by counsel for the appellee, that the jurisdiction of equity was ousted by the passage of the Act of 1851, P. L. 868.

Where equity has acquired jurisdiction, the passage of an act giving concurrent jurisdiction to the courts of law, in like cases, does not oust the jurisdiction of equity : Church v. Ruland, 64 Pa. 432 ; Biddle v. Moore, 3 Pa. 161; Wesley Church v. Moore, 10 Pa. 273; Johnston v. Price, 172 Pa. 427.

Under the Act of May 28, 1715, 1 Sm. L. 94, which is still in force, it was held that a bill in equity will lie to compel the satisfaction of a mortgage : Walsh v. Leonard, 8 Luz. Leg. Reg. 262; Goldbeck's App., 8 Atl. Repr. 29; Fertig v. Henne, 197 Pa. 560 ; Coates v. Roberts, 2 Phila. 244.

*H. M. Hannah*, for appellee.—The Act of April 3, 1851, P. L. 868, section 14, furnished a full and adequate remedy to the plaintiff and being a remedy given for specific relief in just cases, it is exclusive : Keyer v. Loan Association, 8 Pa. Dist. Rep. 708 ; Dohnert's App., 64 Pa. 311.

OPINION BY RICE, P. J., July 28, 1904 :

The plaintiffs' bill alleged that on April 9, 1900, they gave a bond and mortgage for $2,000 to W. W. Van Dyke, who died intestate on November 26, 1902, and the administrator of whose estate is the defendant; that in the lifetime of the mortgagee

the plaintiffs made two payments of $500 each on the principal and all interest to April, 1903 ; that the plaintiffs by their attorney on January 22, 1903, tendered the defendant $1,000 and at the same time requested him to satisfy the mortgage ; and that the defendant refused to accept the same and to satisfy the mortgage. The prayer of the bill was, inter alia, for a decree compelling the defendant to satisfy the mortgage, for an injunction restraining him from issuing any legal process upon it or the accompanying bond, and for general relief. While, as above stated, the bill alleges a tender of the amount admitted to be due, it contains no renewal of the offer to pay the same to the defendant or offer to pay it into court, either pending the litigation or in the event of the decree prayed for being made. Judging from their statement of the question involved, the learned counsel for the plaintiffs proceeded upon the theory that the tender was equivalent to payment.

In his answer the defendant denied the allegations of payment, except as to interest, and admitted the tender as alleged in the bill, but said, quoting from his answer, " as this tender was of only a part of the debt due on the said obligation, it was refused." He further suggested in his answer that as the whole subject of controversy, to wit : whether the two payments of $500 each were made, was a question of fact and not of law, the court sitting in equity had no jurisdiction of or power to try the issue.

To support this legal proposition the counsel relies upon the fourteenth section of the Act of April 3, 1851, P. L. 868. The purpose of this act is to enable the mortgagor, in case of a dispute between him and the mortgagee as to the amount actually due on the mortgage, to bring into court the full amount claimed by the latter, including debt, interest, commissions, costs, etc., to the day of payment, " and thus substitute the money in court for the security which the mortgagor desires to have satisfied : " Pennock v. Stewart, 104 Pa. 184. It is argued that this is the exclusive remedy of the mortgagor in such a case, and this may be conceded where the object sought is an immediate satisfaction of the mortgage pending the dispute. But that is not the object sought in a bill to redeem. There the security remains unimpaired until the matter in dispute has been adjudicated, and payment of the

amount ascertained to be due is decreed as a condition precedent to the satisfaction of the mortgage. We are not prepared to say that a bill in equity which states a case which would have entitled the mortgagor to relief prior to the act of 1851, is demurrable merely because it appears therein that there is a dispute between him and the mortgagee as to the amount due. But while it seems unnecessary to decide that question in this case, we think it clear that if the pleadings and proofs leave the question of payment in substantial doubt a court of equity ought not to interfere. The defendant did not demur, but put in an answer denying that any part of the principal had been paid, and thus made it incumbent on the plaintiffs to establish their allegation by the quantity and quality of proof required in such cases. Granting, for the sake of the argument, that their bill alleged enough to give the court jurisdiction to compel satisfaction of the mortgage upon proper terms, still, if their proofs did not come up to the standard above suggested, they must be content with the remedies which the law affords. How then does the case stand upon the testimony? In support of their allegations the plaintiffs offered in evidence an indorsement on the mortgage showing that the interest up to October 9, 1901, was paid on that date, and three checks, dated respectively, June 30, 1900, $500; August 7, 1901, $500; October 15, 1902, $60; all drawn by M. Dinner to the order of W. W. Van Dyke, and all indorsed by him and paid.

The first check, it will be noticed, is dated a little more than two months after the mortgage was given, whereas no part of the mortgage debt became due and payable until a year from its date. There is nothing on the face of the check to indicate that it was given as a payment on the mortgage, and no oral testimony tending to prove that fact was introduced by the plaintiff. On the other hand, it appears by the testimony introduced by the defendant, taken in connection with the rebutting testimony introduced by the plaintiffs, that during the period between June, 1899, and April, 1902, there were mutual dealings between the drawer and payee of this check, in which numerous checks for varying sums passed back and forth. The testimony taken as a whole, furnishes no ground for certain inferences as to the purpose for which the check in question was given; it was insufficient to warrant the court in singling

it out from all the others that passed from the drawer to the payee, and concluding that it was given as a payment on the mortgage.

It was sought to connect the check of August 7, 1901, with the mortgage by the testimony of John Farrell. He testified that in the summer months of that year—he did not remember the month—he was in the plaintiff's store, and saw him give Mr. Van Dyke a paper which looked like a check and heard one of them say—we quote the words of the witness—" That that paid five hundred dollars on some mortgage; I don't know what mortgage it was."

The check of October 15, 1902, for $60.00 contains this memorandum, " For interest on one thousand dollar mortgage till April, 1903." This check, on its face, has no relevancy to the mortgage in question; the only testimony tending in, any way to connect the two is that of the defendant, who, being called by the plaintiffs, testified that he knew of no other mortgage between them and his deceased father than the mortgage in suit. In order to sustain the allegations of the bill we must infer from this testimony first, that there was no other mortgage at the date of the check, and then infer from that fact, taken in connection with the wording of the check, that the mortgage had been reduced by payments to $1,000.

The foregoing is practically all the evidence, oral or documentary, bearing upon the question in dispute. Without undertaking to say that it would be insufficient in the trial of a scire facias upon the mortgage to entitle the mortgagors to have the question of payment submitted to the jury, we have no hesitation in saying that it is not of that clear, precise and satisfactory character which would justify a chancellor in interfering to prevent the law from taking its course.

The decree is affirmed at the appellants' cost without prejudice to the rights of the parties at law.